# In the United States Court of Federal Claims

No. 24-656

(Filed: October 29, 2024)

(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
J. E. PENDLETON,                   *
                                   *
                                   *
            Plaintiff,             *
                                   *
      v.                           *
                                   *
THE UNITED STATES,                 *
                                   *
                                   *
            Defendant.             *
                                   *
* * * * * * * * * * * * * * * * * *
```

*J. E. Pendleton*, *pro se*, of Washington, DC.

*Joshua N. Schopf*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

This case involves the United States Department of State's refusal to issue Plaintiff a new passport (and revocation of his then-current passport) following the issuance of a felony arrest warrant for his failure to appear for judicial proceedings in a Virginia state court.  Plaintiff, proceeding *pro se*, filed a complaint in this Court seeking relief under the Administrative Procedure Act ("APA") for actions taken by the State Department's Bureau of Consular Affairs and the Federal Bureau of Investigation ("FBI").  In addition, although not a formal amendment of his complaint, in response to the government's motion to dismiss Plaintiff seeks additional relief under the Fifth Amendment's Just Compensation Clause.  As explained below, the Court has jurisdiction over only one of these claims, but even on that claim Plaintiff fails to state a claim upon which relief can be granted.  Consequently, the Court grants the government's motion to dismiss Plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

### BACKGROUND

In May 2014, a grand jury in the Commonwealth of Virginia indicted Plaintiff for three felony offenses.  ECF No. 1-2 at 2–5, 7.  On December 15, 2014, the Circuit Court of Arlington

County found Plaintiff not guilty of these offenses by reason of insanity. *Id.* at 3, 5. Four years later, on October 2, 2020, Plaintiff applied for a United States passport. *See id.* at 9. Subsequently, on October 23, 2020, the Arlington County Circuit Court issued an arrest warrant following Plaintiff's failure to appear for a show cause hearing related to these offenses. *Id.* at 7; *see also Pendleton v. DiMatteo*, No. 3:23CV734, 2023 WL 8281683 at *1 (E.D. Va. Nov. 30, 2023) ("Upon learning that the hearing had been scheduled, Pendleton 'fled Arlington' and did not appear for the October 2020 show cause hearing. As a result, a warrant was issued for his arrest." (citation omitted)), *appeal dismissed*, No. 23-7293, 2024 WL 2151181 (4th Cir. May 14, 2024). The State Department was informed of the warrant's issuance. ECF No. 1-2 at 9. On February 25, 2021, after receiving notification of the issuance of the warrant, the State Department's Bureau of Consular Affairs revoked Plaintiff's then-current passport and denied his application for a new passport. *Id.* at 9–10.

Plaintiff contends that the State Department's actions violated provisions of the APA and the Fifth Amendment's Just Compensation Clause. ECF No. 1 at 1; ECF No. 10 at 1. Additionally, Plaintiff asserts that the FBI violated the APA by failing to remove information pertaining to him from the National Crime Information Center ("NCIC"). ECF No. 1 at 2. Plaintiff also claimed that certain Virginia criminal statutes are facially unconstitutional before conceding such claims are beyond the jurisdiction of this Court. ECF No. 10 at 5.

Plaintiff filed a complaint in this Court seeking an order directing the State Department to return his passport and the FBI to remove his name from the NCIC. ECF No. 1 at 6. The government filed a motion to dismiss Plaintiff's complaint under RCFC 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which this Court can grant relief. ECF No. 8. In its motion, the government argues that Plaintiff's requested equitable and declaratory relief do not involve money damages; therefore, the Court lacks jurisdiction to hear his claims. *Id.* at 2–3. The government highlights that Plaintiff's sole cause of action is under the APA, which "does not by itself confer jurisdiction permitting judicial review, nor . . . provide for monetary relief." *Id.* at 3. Plaintiff responded to the government's motion to dismiss on July 9, 2024, asserting a claim under the Just Compensation Clause regarding the State Department's revocation of his passport. ECF No. 10. The government replied on July 23, 2024. ECF No. 11. In its reply, the government states that Plaintiff does not have a property interest in his United States passport and has, therefore, failed to state a claim redressable just compensation claim. *Id.* at 1–3.

## DISCUSSION

### A.    Legal Standard

Under RCFC 12(b)(1), the Court must dismiss any claim that does not fall within its subject matter jurisdiction. In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the non-moving party and draw all logical inferences in the light most favorable to that party. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does

not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

Even if this Court has jurisdiction over a claim, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). That is to say, if the plaintiff states facts in his or her pleadings that, even when viewed in the light most favorable to the non-movant, are "fatally flawed in their legal premises," the Court must dismiss the claim. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 391, 326–27 (1989)).

**B.   Analysis**

Turning first to Plaintiff's APA claims, it is well established that this Court does not have subject matter jurisdiction to hear claims arising under the APA. *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) ("[T]he Court of Federal Claims lacks APA jurisdiction . . . ."); *Gilham v. United States*, 164 Fed. Cl. 1, 8 (2023) ("It is a well-settled conclusion that the APA is not a money-mandating statute over which the Court of Federal Claims can exercise jurisdiction under the Tucker Act."). Plaintiff asserts that the State Department's revocation of his passport and the FBI's maintenance of his criminal records in the NCIC violate sections 702 and 706(2) of the APA and that the Court has jurisdiction over these assertions. However, because the APA is not a money-mandating provision of law, the Court must dismiss these claims for lack of subject matter jurisdiction.[1]

---

[1] Plaintiff also requested relief under the Declaratory Judgment Act in his complaint; however, he waived relief under that statute in his response to the government's motion to dismiss: "[t]he Government appears to be correct that this Court lacks authority under the Declaratory Judgment Act, 28 U.S.C. § 2201, but the issue is moot. The sole question before the Court is whether Mr. Pendleton is charged with a felony as a matter of fact such that his

As mentioned above, although not pled in his complaint, Plaintiff asserts a claim under the Just Compensation Clause related to his passport in his response to the government's motion to dismiss. ECF No. 10 at 1. Unlike Plaintiff's APA claims, a claim for just compensation under the Fifth Amendment is a claim over which this Court has jurisdiction. Under the Constitution, the government may not "take" private property for public use without providing the property owner with just compensation. U.S. CONST. amend. V. To determine whether governmental action constitutes a taking, the Court utilizes a two-part test. *Acceptance Ins. Co., Inc. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009). The Court first determines the threshold issue of whether the claimant has "identified a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking." *Id.* If the Court finds such a cognizable property interest, "it determines whether that property interest was 'taken.'" *Id.*

Here, Plaintiff's just compensation claim regarding his revoked passport does not satisfy the threshold inquiry. Plaintiff does not have a cognizable property interest in his passport because, by law, a passport is "at all times . . . the property of the United States and must be returned to the U.S. government upon demand." 22 C.F.R. § 51.7(a); *see also Atem v. Ashcroft*, 312 F. Supp. 2d 792, 801 n.16 (E.D. Va. 2004) ("No property interest is implicated because United States passports are not the property of the individuals to whom they are issued."). Because he does not have a cognizable property interest in his passport, Plaintiff fails to state a just compensation claim upon which relief can be granted.

Finally, in the alternative to dismissal, Plaintiff requests that if the Court finds that the case must be dismissed, the Court "transfer the case to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1631." ECF No. 10 at 6. Under section 1631, if the Court "finds that there is a want of jurisdiction, [it] shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. In other words, this Court must transfer Plaintiff's case if three conditions are met: (1) the Court lacks jurisdiction over Plaintiff's claims; (2) Plaintiff's claims could have been brought in the transferee court at the time his complaint was filed; and (3) transferring Plaintiff's claims are in the interest of justice. *See Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012). Here, the first two prongs appear to be met as to Plaintiff's APA claim. As explained above, the Court lacks jurisdiction over Plaintiff's APA claim. Moreover, it appears that at least with regard to Plaintiff's passport-related APA claim, the district court would have jurisdiction. *See, e.g.*, *Gonzalez Boisson v. Pompeo*, 459 F. Supp. 3d 7 (D.D.C. 2020). Thus, with regard to transferring Plaintiff's passport-related APA claim to district court, the question is whether such a transfer would be in the "interest of justice."

According to Federal Circuit precedent, the phrase "if it is in the interest of justice," as used in 28 U.S.C. § 1631, "relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)). Accordingly, under section 1631, this Court should only transfer a matter to another court if it finds that the claims to be transferred are nonfrivolous. Although there are many ways in which a claim would qualify as frivolous, here Plaintiff's passport-related claim appears to be frivolous

---

passport could be lawfully revoked under 22 C.F.R. 51.60(b)(9) for being 'the subject of an outstanding state or local warrant of arrest for a felony.'" ECF No. 10 at 5 (quoting 22 C.F.R. § 51.60(b)(9)).

4

because its "disposition is obvious." *Id*. Plaintiff asserts that the State Department violated the APA by refusing to issue him a passport pursuant to 22 C.F.R. § 51.60(b)(9). *See* ECF No. 1 at 2. According to Plaintiff, "because [he] is not charged with any crime, there is no legitimate reason his passport should have been revoked." *Id.* at 3.

Plaintiff's argument, however, is incorrect. Among other reasons, 22 C.F.R. § 51.60 permits the State Department to "refuse to issue a passport in any case in which the Department determines or is informed by competent authority that . . . [t]he applicant is the subject of an outstanding state or local warrant of arrest for a felony." 22 C.F.R. § 51.60(b)(9). According to the State Department, it was "informed that on October 23, 2020, the Arlington Circuit Court in Arlington, Virginia entered a felony warrant for [Plaintiff's] arrest." ECF No. 1-2 at 9. Therefore, on February 25, 2021, the State Department denied Plaintiff's "October 2, 2020 application for a U.S. passport and . . . revoked U.S. Passport number 658311107" issued to Plaintiff. *Id*.

This denial and revocation were within the authority granted to the State Department in 22 C.F.R. § 51.60. A felony warrant was issued for Plaintiff's arrest. *See id.* at 7. The State Department then denied his passport application and revoked his passport. *Id.* at 9. Plaintiff's contentions that he is "not charged with any crime" or that "Virginia's NGRI statutes have been unconstitutional for decades" do not change the fact that a felony warrant was issued for Plaintiff's arrest, which permitted the State Department to act pursuant to 22 C.F.R. § 51.60(b)(9). As a judge on the U.S. District Court for the Eastern District of Virginia explained:

> Between March 2019 and August 2020, Pendleton, with the assistance of counsel, filed several petitions for unconditional release, which Judge DiMatteo denied. In response to a report filed by his NGRI Coordinator that Pendleton had violated conditions of his release, Judge DiMatteo scheduled a show cause hearing for October 2020. Upon learning that the hearing had been scheduled, Pendleton "fled Arlington" and did not appear for the October 2020 show cause hearing. As a result, a warrant was issued for his arrest. Because Pendleton left Virginia while he was on conditional release and did not have permission from the court, he could be charged with a felony. In accordance with Va. Code Ann. § 19.2-182.15, "[a]ny person placed on conditional release pursuant to § 19.2-182.7 who leaves the Commonwealth without permission from the court which conditionally released the person shall be guilty of a Class 6 felony."

*Pendleton v. Miyares*, No. 1:23-CV-446, 2023 WL 7109681 at *2 (E.D. Va. Oct. 3, 2023) (alteration in original) (citations omitted), *aff'd*, No. 23-7039, 2024 WL 702278 (4th Cir. Feb. 21, 2024), *cert. denied*, No. 23-7500, 2024 WL 4426806 (U.S. Oct. 7, 2024).

Given these facts, the arrest warrant, and the other documents attached to Plaintiff's complaint, the State Department's actions were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; therefore, transfer of Plaintiff's complaint would not be in the interest of justice.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted and **DENIES** Plaintiff's motion to transfer his complaint to district court.  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge
